IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01851–KMT

WILLIAM CLINTON HILL,

    Plaintiff,

v.

SER JOBS FOR PROGRESS NATIONAL, INC.,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Motion to Dismiss" (Doc. No. 11 [Mot.], filed August 28, 2019, to which Plaintiff filed his response (Doc. No. 20 [Resp.]), and Defendant filed its reply (Doc. No. 22 [Reply]).

### STATEMENT OF CASE

Plaintiff filed his Amended Complaint[1] on July 29, 2019, asserting an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964. (Doc. No. 5.) Specifically, Plaintiff alleges the defendant discriminated against him and retaliated against him because of his race. (*Id.* at 3–4.) Plaintiff states he is a 61-year-old African American male who was employed by Defendant as an administrative assistant since June 2017. (*Id.* at 6.) Plaintiff

---

[1] The document is titled "Order Directing Plaintiff to Cure Deficiencies," but is an Amended Complaint filed in response to Magistrate Judge Gordon P. Gallagher's "Order Directing Plaintiff to Cure Deficiencies" filed June 26, 2019. (Doc. No. 4.)

states Habitat for Humanity is a "host agency for [Defendant] where [Defendant] send[s] qualified participant[s] in its program." (*Id.*) Plaintiff alleges Habitat for Humanity had an opening for an administrative assistant, and though Plaintiff was qualified for the position, he was rejected and not promoted to the position. (*Id.*) Plaintiff alleges the defendant kept the employment opportunity hidden until it was no longer available, and the defendant instead sent a lesser-qualified, non-African American candidate to apply. (*Id.*) Plaintiff states Habitat for Humanity rejected the lesser-qualified candidate in favor of Plaintiff, but Plaintiff was never notified that the position was open. (*Id.*)

Plaintiff also alleges he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and then Defendant retaliated against him by issuing unfounded disciplinary actions against him and placing him on disciplinary leave. (*Id.* at 7.) Defendant contends that, under these circumstances, he was constructively discharged. (*Id.*)

## STANDARDS OF REVIEW

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## B.     *Failure to State a Claim upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis.

First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

**ANALYSIS**

Defendant moves to dismiss Plaintiff's Amended Complaint on the basis that Plaintiff was not an employee of Defendant and Plaintiff's constructive discharge claim for his failure to exhaust his administrative remedies. (Mot.)

A.  *Plaintiff's Status as an Employee*

Defendant argues that Plaintiff cannot sustain a Title VII claim because he was not an employee of Defendant. (Mot. at 3–4.) In support of this argument, Defendant attaches a

Participant Staff Agreement signed by Plaintiff.[2]  (*Id.*, Attach. 1.)  Defendant argues that the Participant Staff Agreement shows that Plaintiff was aware his position with the defendant was not a job.  (*Id.*)  While Plaintiff did sign the Participant Staff Agreement and, as such, "agree[d] that [the training position] is **not a job**" (*id.*, Attach. 1 [emphasis in original]), the Participant Staff Agreement is devoid of any language defining the specific relationship between Plaintiff and Defendant.  On the record as presented by Defendant, the court cannot determine whether Plaintiff was Defendant's employee, which is a separate issue from whether a specific training position was a job.

Accordingly, Defendant's motion to dismiss the Amended Complaint on this basis is denied.

B. *Failure to Exhaust*

Plaintiff alleges in his retaliation claim that he was constructively discharged by Defendant.  (Doc. No. 5 at 7.)  Plaintiff asserts that he is "in the process of filing another charge of employment discrimination with the EEOC related to his discharge."  (*Id.*)  Defendant moves to dismiss Plaintiff's constructive discharge claim for failure to exhaust his administrative remedies.  (Mot. at 4–5.)

---

[2] Defendant urges the court to consider the Participant Staff Agreement without converting the motion to dismiss into a motion for summary judgment.  (*Id.* at 3, n.1.)  In evaluating a Rule 12(b)(6) motion to dismiss, the court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice.  *Tellabs, Inc*, 551 U.S. at 322; *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  The court agrees that whether Plaintiff was Defendant's employee is central to Plaintiff's claims.  Accordingly, the court will consider the Participant Staff Agreement without converting Defendant's motion into a summary judgment motion.

A plaintiff's failure to file an EEOC charge regarding a discrete employment incident permits the employer to raise an affirmative defense of failure to exhaust. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). "Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

It is clear from the face of the Amended Complaint that Plaintiff did not exhaust his EEOC charge regarding his constructive discharge claim before filing this action. Accordingly, Plaintiff's constructive discharge claim must be dismissed.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendant's "Motion to Dismiss" (Doc. No. 11) is **GRANTED in part** and **DENIED in part**. Defendant's motion to dismiss Plaintiff's constructive discharge claim is granted, and the constructive discharge claim is dismissed with prejudice for failure to exhaust his administrative remedies. The motion to dismiss is denied in all other respects.

Dated this 13th day of November, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge